**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

*FILED*

JUL 1 9 2017

Clerk, U.S. District Court
Texas Eastern

Cause No.: ___4:17cv504___

| | | |
|---|---|---|
| JASON PARRIS,<br>Petitioner, | )<br>) | In a removal from the 211th District<br>Court of Denton County, Texas |
| | )<br>) | |
| v. | )<br>) | State case number:  14-05778-211<br>*("In re: P.A.P., A.R.P. and Z.T.P.")* |
| | ) | |
| HILDA PARRIS,<br>Respondent. | )<br>) | Judge Brody Shanklin, presiding |

## Notice of Petition; and, Verified Petition for Warrant of Removal

Comes now the Petitioner, Jason Parris, and in support of this action for removal of the above-encaptioned state court cause into the jurisdiction of this United States District Court, and upon the various federal questions involved, herein alleges, states and provides the following:

### JURISDICTION AND VENUE

1. This Court now has proper jurisdiction over this cause of action for removal, pursuant to, but not limited to, the following statutory authorities: 28 USC §§ 1443 and 1446(b), and 28 USC §§ 1331, 1343 and 1367. Moreover, this Court is an Article III court with the express authority to hear and adjudicate any questions arising under the Constitution, Laws, and Treaties of the United States, including but not limited to the Bill of Rights and the Eleventh Amendment, the original Thirteenth Amendment, and Fourteenth Amendment to the U.S. Constitution, the International Covenant on Civil and Political Rights, and the Universal Declaration of Human Rights, with Reservations. *See also* the Article VI Supremacy Clause of the Constitution of the United States of America, as lawfully amended (*hereinafter* "Federal Constitution"). Venue is quite and solely proper, as removal over state violations in a state case of Denton County, Texas.

1

2.  The federal courts have well established subject matter jurisdiction over constitutional validity of child support payments, and those can be unquestionably challenged in any federal court pursuant to 45 CFR 303.100(a)(3) and 15 U.S.C. § 1673(c) of the Consumer Credit Protection Act (CCPA), because any order for garnishment of wages for purposes of support must comply with § 303(b) of the Act.  *See*, e.g., <u>*Voss Products, Inc. v. Carlton*</u>, 147 F.Supp.2d 892 (E.D. Tenn. 2001); <u>*Marshall v. District Court for Forty-First Judicial District of Michigan*</u>, 444 F. Supp. 1110 (E.D. Mich. 1978); and etc., etc.

<u>INTRODUCTION</u>

3.  Your Petitioner complains of various willful, systemic deprivations of fundamental rights guaranteed by the Federal Constitution, and/or by federal law, and which deprivations are civil violations of 42 USC § 1983, and that are also criminal violations of 18 U.S.C. §§ 241 and 242.

4.  Within the proceedings of the state court in question, Petitioner has duly advised the state judge, all other named parties, and various third parties, that certain actions and judicial events either are now existing, and/or all have been done, in clear, unambiguous violations of basic due process, state law, state procedure, the Federal Constitution, federal statutory law, and/or against the relevant rulings held by the several federal Circuit Courts of Appeals and the Supreme Court.

5.  Your Petitioner does not, in any way, request and/or seek this honorable federal Court to *alter, amend, or change*, whatsoever, any aspect(s) of divorce, child custody, or any other type of familial and/or domestic matters that are properly reserved for within the state court system, yet however all the torts and civil wrongdoing are fully actionable herein, *see* the contemporaneous <u>Memorandum of Law Clarifying Established Federal Jurisdiction</u>, which your Petitioner now and hereby also incorporates fully by reference the same as if it had been set forth fully herein. (H.I.)

6.  This petition for warrant of removal inures to the very essence of the enactment and clearly expressed purposes of 28 USC § 1443 by Congress, i.e.: to provide a statutory remedy for relief via removal to a United States District Court when a state court litigant "*is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of citizens of the United States, or of all persons within the jurisdiction thereof*" for the precise, expressly-mandated, clear and unambiguous letter, spirit and intent of said statute – which is, in fact, direct statutory authorization for the federal court to intervene into the state court matter, for the Congressionally-enacted assurance of adequate forums to bring constitutional challenges in.

<u>TIMELINESS OF REMOVAL</u>

7.  The relevant portion of 28 USC § 1446(b) providing for this removal is restated here:

> "*If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.*"

8.  On or after June 20, 2017, your Petitioner was served ("received" via U.S. postal mail) certain paperwork from the Fort Worth Title IV-D office and also from one Barry J. Brooks, self-proclaimed "Authorized Agent" of and collecting for the Title IV-D apparatus, presuming ostensibly valid jurisdiction within the instant state court to not only threaten levy against my Property (personal bank account monies) if certain payment was not rendered by no later than July 14, 2017 (**Exhibit B**), but also simultaneously – and obviously prematurely – executing said same levy (**Exhibit C**).  However, there is no state court of Texas or anywhere else that has any proper and constitutionally valid and proper jurisdiction over my natural parent-child relationships, and there never has been, hence neither Respondent nor Barry J. Brooks has any valid standing vis-à-vis the state court, which itself has no valid jurisdiction over me or my still-

3

fully-intact natural parent-child relationships.  The entire state court matter is moot, already, as well as also being fully void against basic constitutional due process requirements.

9.  My own personal receipt of that same levy-related paperwork clearly triggered removal right under 28 USC § 1446(b), as "after receipt" [through any method] of [any formatted documentary information] so that an ascertainment of the ability to remove then suddenly became known, and so therefore I removed as promptly as humanly possible under the circumstances via filing this entire package without assistance of licensed professional counsel.

10. Therefore, your Petitioner is within the required time, and further fears the state court transpiring against numerous laws and rights during the immediately upcoming thirty (30) days, as before, all as is further detailed and documented via the individual Counts as are initially presented herein, along with any included Exhibits where needed, so that the present number of grounds for removal therefore is already a serious number indeed, but yet the same will be even further augmented by pending amendment pursuant to F.R.Cv.P., Rule 15, all as also provided for, and reserved by, the undersigned Petitioner's Notice of Pending Amendment, et seq.. (H.I.).

11. Accordingly, this instant petition for removal is well within the timeliness required under 28 USC § 1446(b) presently, and it would also *be again* timely filed herein (if and as needed).

REGARDING INCLUSION OF ORIGINAL PLEADINGS,

THE COMPLETE RECORD OF STATE PROCEEDINGS,

AND, THE REQUESTED PRELIMINARY PROCEDURES

12. This is a removal under 28 USC § 1443, ***quite different*** from all other types of removal available under Chapter 89 of Title 28, and since it is *not* about any question of "most proper *original* jurisdiction" within the context of comity and federalism, whatsoever, *there is no basis, need, or cause for inclusion of original state court pleadings* within the filing package for this

removal to the United States District Court, *nor any need for inclusion of the entire state court record*. Further, these issues are addressed by pertinent motion for relief. Please *see* Petitioner's Notice Distinguishing Between the Two Basic Types of Removal; and, Motion for Issuance of Preliminary Relief in the Alternatives. See *id*. at 7-9 regarding requested preliminary relief(s).

### INCORPORATION OF PRIOR PLEADINGS IN STATE COURT

13. Regardless, Petitioner incorporates fully by reference all pleadings, papers, and effects heretofore filed or otherwise lodged in the state proceedings the same as if set forth herein (H.I), and the same also exist in direct support of establishing the basics herein, such as legal standing.

### PROHIBITED REMOVALS OF STATE COURT CASES

14. Petitioner notes and emphasizes for the Court's and parties' convenience, *and in being duly advised of Rule 11 ethics before making any response*, that 28 USC § 1443 provides for the removal of *any* type of state court case for violation(s) of equal civil rights, with the sole exceptions being *only* the following four (4) types of circumstances, pursuant to 28 USC § 1445:

    a) a civil action against a railroad or its receivers or trustees that arises under certain laws;

    b) a civil action against a carrier or its receivers or trustees that arises under certain laws;

    c) a civil action arising under the workmen's compensation laws; and,

    d) a civil action arising under section 40302 of the Violence Against Women Act of 1994.

15. Accordingly, since none of the matters herein has anything even remotely to do with any of the four exceptions, the instant three (3) constitutional challenges to state statutes raised are each (and independently) perfectly proper causes for removal upon their own individual merits.

### OVERVIEW OF STATE ACTOR + THIRD PARTY VIOLATIONS OF FEDERAL RIGHTS

16. Within the instant state court proceedings of Denton County never-ending, your Petitioner has been, and is still being, affirmatively denied basic constitutional and due process

rights to at least: (A) equal protection of the laws; (B) freedom from gender and class discrimination; (C) fair and competent tribunals; (D) reasonable notice and opportunity to be heard; (E) fair and lawful use in civil prosecution and defense of relevant and material evidence and of applicable statutory, rule, and case law authorities; also (F) liberty and property protections; and (G) various other violations of constitutionally-protected rights and interests.

17.  In short, the state family court system may already be, or has become, a fully wanton criminal enterprise with the officers and professionals in daily power thereof absolutely and manifestly abusing process, law, litigants, and even incidental parties, in egregious patterns and practices of rights violations, also using unlawful threats and other false intimidation tactics, including willfully false deprivations of liberty rights to illegally coerce, rampant and flagrant obstructions of justice, extortionate schemes for unjust enrichment of their floozy and equally fraudulent leeches, outlandish and flagrantly obvious bias and prejudice, gross class and gender discriminations, engaging in repetitively-unlawful *ex parte* actions to obtain fraudulent orders *against* the law, and etc., i.e., generally so much crime, committed so often, it shocks conscience.

18.  Again, to fully clarify the nature of this proceeding, your Petitioner does *not* seek this Court to "issue or modify any decrees" regarding state law matters of divorce, child custody, or support, *nor anything involving fact or evidence details*, but instead *only* to enforce due process, equal and civil rights, true constitutional rights, and other federal rights, statutory and otherwise.

19.  Your Petitioner has been outrageously harassed by the same local county courts and the related court administration systems, also repeatedly violating my most basic due process rights, by willfully, knowingly and intentionally conspiring in various commissions of criminal acts and behaviors, all shockingly done in an intentional conspiracy to aid and abet grand scale larceny, without even the very first remote basis under the Federal Constitution to ever begin any of that.

20. Indeed, upon belief and information, this Petitioner has quite sufficient cause and grounds to also consider the demanding of various official investigations into patterns and practices of widespread, systemic violations of basic federal rights by these same local county court systems.

<u>BACKGROUND FACTS AND ALLEGATIONS OF GENERAL LAW</u>

21. The clear right to one's own direct flesh and blood is the second oldest fully-recognized right in all of human existence, save only the individual self-preservation right to life itself.

22. The variously enumerated basic rights under the Federal Constitution, e.g., the First Amendment right to free speech, the Second Amendment right to arm and defend yourself and your own family, and so forth, are generally all "self-evident" rights, that is to say various rights of We The People, the general citizenry, that are each of such innate and fundamental character and magnitude, that they are constitutionally then formally protected as recognized parameters necessary for the basic structure of our civilized society as a Republic with rule of equal and just laws, and not of laws subject to the fleeting whims of fickle mankind in perpetrating preference, prejudice and bias for and/or against any particular parties for any reason, nor subject to laws fatal on their faces for being contrary in any way to the basic maxims constitutionally established and enshrined - of the People, by the People, and for the People.

23. Most people would presume, in today's modern civilized equal rights society, that food, clothing and shelter are considered rights *per se*. Indeed, consider the vast number of many governmental programs now in existence at all levels for such basic items and issues. Yet, go back just a few hundred years, and such "necessities" as want for food, clothing and shelter were certainly not yet well established "rights" at that time, but the needs were handled primarily by various sources of private charity and/or self-ingenuity, IF the needs were met at all, but still the self-evident right to one's own flesh and blood was ever present, unquestioned in all situations.

24. Go back just a couple or few millennia, and you're lucky if such basics of food, clothing and/or shelter *even exist at all within reasonable access*, let alone any fanciful dreams of wishful "rights" to such basic items, yet there was still your own flesh and blood, right there with you the whole entire time, as not only an unquestionable and self-evident right, but even as an implicit duty and responsibility, both to your mate/partner/spouse (who *is not* supposed to be a direct blood relation to the other mate/partner/spouse) and to your own flesh and blood offspring (which **is** a *direct blood* relationship, of crucial distinction herein), i.e., your own minor children.

25. From time immemorial, the right to one's own flesh and blood has always been the second oldest right in human existence (regardless of the many variants of civilizations and their many varied systems of law...), save only that individual primary right to preservation of one's own life itself. This is universal, the self-evident right to children precedes mere common law or any other formally written-down "laws" of the United States, and of the Colonies before that, and also of the ancient "laws" of England even post Magna Carta, precedes the establishments of written "laws" by the long-lived Byzantine Empire prior to that, of the Romans and Greeks and Egyptians before them, and of the Sumerians even well before *any* of those early civilizations.

26. The self-evident right of preservation and protection from any interference or harm to your own parent-child relationship by any type of self-professed ruling authority ("government" – regardless of the form or type), especially when there is no actual, valid basis of any proper kind, **is**, by definition of nature and human existence itself, the second oldest indisputable "natural" or "organic" right, save only that primary right to self-survival... irrespective of any sets of "statutes" that must, in fact, fall directly flat on their constitutionally repugnant faces for even ostensibly attempting to pretend otherwise in any manner, shape or form. The RIGHT to one's own direct flesh and blood ("natural") minor children is sovereign and absolute, superior to

the State of Texas in *all* respects, and CANNOT be interfered with, whatsoever, save *only* on exception for due process finding in *clear and convincing* evidence of *serious* parental unfitness.

27.  All U.S. citizen natural parents, both male and female, father and mother both, if both are legal adults at the time of a physical conception (a normal pregnancy), *equally* have and *equally* share full legal and physical custodial rights to their mutual natural child, automatically vested into each and both such natural parents, from the very moment of birth of each such living child; There is **no** magical difference between the pre-existing, full legal and physical child custodial rights enjoyed and retained by a given parent sued by child protection services (TX = "DFPS"), or the very same and exactly equal, pre-existing, full legal and physical child custodial rights enjoyed and retained by a given parent sued in divorce-and-similar-with-kids family court – both situations are exactly the same, with the state action alleging, whether expressly revealed or not, that the targeted (generally "respondent" or "defendant") party is too seriously unfit to continue *retaining* his or her pre-existing, well-established, superior child custodial rights in full force, yet of course that requires the state to first prove "unfitness" by clear and convincing evidence under full due process procedures, including that parent's right to invoke trial by jury upon the same.

28.  Well over one hundred (100+) years of consistent, enormous case law from both the state and federal courts also routinely affirms: **(a)** that not only are these same parental custodial rights to their natural minor child *superior* to "mere" constitutional rights, i.e., these custodial rights are always entitled to full due process protections in at least the same full procedural measure as any so-called "mere" right enumerated by our Federal Constitution, i.e., *more* important than those "mere" guarantees within the Bill of Rights and elsewhere; **(b)** but also that the State cannot even begin to question, let alone invade or impinge upon, those pre-existing, fully vested legal and physical custodial rights that natural parents have to their own minor children, unless and until

the State would *first* prove, and then only by clear and convincing evidence performed under full due process procedures, that either or both such natural parent(s) is/are found *seriously* "unfit" within a competent court of proper jurisdiction, too *seriously* unfit to continue *retaining* their same such pre-existing and already fully vested legal and physical custodial rights to such child.

29.  These fundamental rights of natural parents, and equally shared betwixt both such natural parents, to the uninterrupted care, custody, control and management of their minor child, and those same natural "organic" rights of each and both natural parents also fully endowed and vested within both of them equally from the very moment of live birth of each such said child, simply may not be intruded upon by the State (*see also* Invasion of Privacy), without valid cause.

30.  Our Supreme Court, fully recognizing all of the above history underpinning these same fundamentals, has – more than once – opined that parental rights are "superior" to the "mere" enumerated rights of our Federal Constitution, hence they are clearly entitled to *at least* that full amount of all due process protection elements and procedures that any actually-enumerated such right is well established in entitlement thereof, and has consistently ruled that federal courts **do** have valid and proper subject matter jurisdiction – as well as the attendant duty to exercise that federal jurisdiction – upon claims of state unconstitutionality over those natural parental rights.

31.  Our Supreme Court has **expressly** ruled and commanded: "Parents have a fundamental right to the custody of their children, and the deprivation of that right effects a cognizable injury. See *Santosky v. Kramer*, 455 U.S. 745, 758-59, 102 S. Ct. 1388, 1397, 71 L. Ed. 2d 599 (1982)." *Troxel v. Granville*, 530 U.S. 57, 68-69, 147 L. Ed. 2d 49, 120 S. Ct. 2054 (2000).  Violations of parents' federal constitutional and/or due process rights within any state action affecting child custody rights, according to the U.S. Supreme Court, **are** cognizable claims in the federal courts, exactly and precisely as we now have at bar herein, which exercise of jurisdiction is *required*,

and which exercise of jurisdiction to *directly intervene* into the state court matter complained of is expressly provided by primal statutory authority itself herein, to-wit:  28 USC § 1443.

<u>THE STATE OF TEXAS DIRECTLY VIOLATED CLEAR FUNDAMENTAL RIGHTS IN</u>

<u>PRE-DEPRIVATION OF ALL THE SAME WITHOUT *ANY* DUE PROCESS *WHATSOEVER*</u>

32.  The State of Texas has <u>never</u> *even alleged* (let alone proven) any "unfitness" by me, ever, nor has any department, agency, unit or any actor of the State ever even remotely alleged any such aspect or idea, let alone ever proven it under required clear and convincing due process.

33.  Within divorce and similar proceedings, it is an utter fallacy, an outright unconstitutional fraud, and a legal nullity, for any state court to attempt to pretend to "grant" or "award" any form of custody ("legal" and/or "physical") of any child to either and/or both natural parents of that child, since *they **both** already **have*** child custody rights fully vested into each and both of them, long prior to ever entering into any state court action;  The given state court in any such similar proceeding (*i.e., not discussing post-deprivation actions in the realm of child protective services cases, which are quite different in their origination and purposes as between the state and the given parent or parents*) cannot falsely and fraudulently pretend to ostensibly "award" or "grant" something *it does not have* (child custody) to someone *who already has it* (child custody) *fully*, or more correctly described as fully flagrant discrimination and fraud by typically allowing just one parent to continue *retaining* her/his pre-existing child custody rights, but in fact *removing* the other parent's exact same and also pre-existing child custody rights, without so much as even bothering to inform that other parent that all such rights are constitutionally-protected rights *that cannot be simply taken away* without first going through full due process, i.e., perpetrating all manner of unlawful administrative end-runs, by repugnant statutes, against constitutional rights, to (a) defraud the unsuspecting parents of their superior rights *without even telling them that is*

*what is actually going on*, (b) in order to falsely reclassify those same unsuspecting parents into so-called "noncustodial" parents, (c) so as to begin generating yet more financial windstreams.

34. Any statute, regulation, or rule pretending to ostensibly provide any state court with authority to grant or award child custody, within divorce and similar actions involving children, *but without also requiring first an affirmative due process finding of serious parental unfitness*, is directly unconstitutional upon its face, *must* fail the test of constitutionality, and is also hereby directly challenged as patently unconstitutional for all the aforementioned commanding reasons.

35. To be sure, the civil courts of Texas have valid subject matter jurisdiction over people that choose to divorce, in order to process a peaceful, lawful separation of parties and involved assets and debts, as well as compelling execution of necessary instruments to effect those goals, because that is a civil court process constitutionally allowed between **non-blood** relationships.

36. However, just because two separate non-blood parental parties divorce and/or otherwise legally separate, that does <u>not</u> provide any Texas civil court with subject matter jurisdiction over the parent-child relationships of either same natural parent, *without first finding unfitness*.

37. Again, Petitioner will readily concede that the state civil courts obviously have clear and valid subject matter jurisdiction over two or more parties in dispute regarding separation of *their own **non-blood** relationships*, i.e., such as a dissolution of marriage (inapplicable herein), but no state civil court has ever obtained proper subject matter jurisdiction over the **direct blood** relationship between any parent and his/her minor child, *unless and until* due process is *first* met.

<u>THE STATE OF TEXAS MAY *NOT* USE PREPONDERANCE AS THE EVIDENTIARY STANDARD OF PROOF TO IMPACT CUSTODIAL RIGHTS OVER MINOR CHILDREN</u>

38. Petitioner realleges all paragraphs above by reference the same as if fully set forth herein.

39. Besides repugnant custody alterations without fitness tests, *the evidentiary standard* fails.

40. The State of Texas already well knows, and has well known for a lengthy established period *in minimum of at least decades now*, that it may <u>not</u> terminate the custodial rights of the given natural parent to his/her natural children without first finding serious, clear and convincing evidence of parental unfitness. These actions are familiarly known as "TPR cases" (termination of parental rights cases), i.e., most often publicly referred to as "CPS cases" (child protection services cases), which are one and the very same thing – as any competent legal professional readily knows. Even first-semester law students well instinctively know these very basic things.

41. Yet, here's the thing… The judicial officers and attorneys daily engaged within state "family" courts having involvement with domestic relations matters *already know full well* that they <u>cannot</u> simply usurp a given parent's custodial rights within their active divorce and other similar cases betwixt two competing natural parents ("custody, support, and visitation" cases), because both yesterday and tomorrow, either in the exact same courtroom, or the one next door, or downstairs, or around the corner, they are also processing these TPR cases in which they all are already well aware about the need for sustaining *clear and convincing evidence of unfitness*.

42. The instant state court "child custody case" began unconstitutionally with Denton County and agents of the State of Texas removing my superior natural parental rights to my children without ever once having basis against me and my parent-child relationships, whatsoever, and continued those equally unconstitutional deprivations of my rights (liberty) and of my monies (property) for the last few long years for Respondent's wholly fraudulent and unjust enrichment.

43. Accordingly, this conclusively demonstrates that your Petitioner's fundamental rights to the constitutionally-guaranteed *retention* of his natural child custody rights (and of all attendant rights thereto), were defrauded **knowingly, willfully and intentionally** by the legal professionals criminally conspiring within the instant state court case complained of, to-wit: the (prior) state

court judge, the family law attorneys familiar to the county, and their any various other leeches like any "guardian ad litem" or "parenting coordinator" who collude in that ongoing conspiracy.

<u>STATE JUDGES ARE DISQUALIFIED FROM THEIR OWN TITLE IV-D MATTERS</u>

44. Next, and independently, as regards any origination of child support orders in the first place, and as further regards any enforcement of child support orders originated within the same Denton County, every judge and court of the same county *was and is* absolutely precluded by law from doing either of the same, since no judge may hear or address any matters in which the same judge has either a direct pecuniary interest (and that includes any involved business) and/or other working relationship with any beneficiary to such pecuniary interests, i.e., the other county officials, county agents, county units, and of course also the actual given County itself.

45. In 1975, the federal government determined that the best way to help women and children move from public assistance to self-sufficiency was to help them collect child support from the fathers. To ensure that states followed through with this idea, a state's receipt of welfare funding (under Title IV-A of the Social Security Act) was tied to its creation and operation of a child support enforcement program (under Title IV-D of the Social Security Act; hence the name "IV-D".) [S. REP. NO. 1356, 93d Cong., 2nd Sess. (1974)].

46. Nationwide, the child support program is governed almost exclusively by federal regulations. Title IV-D, 42 U.S.C. §651, et seq., spells out in great detail the standards state programs must meet to qualify for funding;  The Texas OAG has contracted with counties to provide IV-D services for all divorce cases in the county, usually handled through the local domestic relations office. The district judges in those counties have enacted a local rule declaring that all divorce decrees entered after a certain date will be treated as IV-D cases. The parties may opt out of this referral, see TFC § 231.0011(c).  The parties herein, *not even told*, did **not** opt out.

47. TFC § 231.101, et seq., authorizes counties to enter into various agreements regarding Title IV-D services, and under a complicated formula, establishes various portions of the Title IV-D financial collections stream to be paid out in various percentages to the given county itself, the clerk of the county, the prosecutor of the county, and the judges of the county, whether by direct apportionment into their own salaries, budgets and/or otherwise.  See also, enacted S.B. No. 1139, for various details and figures thereupon.

48. The contractual arrangements of Title IV-D ostensibly authorize counties to enter into various agreements regarding Title IV-D services, and under a complicated formula, establishes various portions of the Title IV-D financial collections stream to be paid out in various percentages to the given county itself, the clerk of the county, the prosecutor of the county, and the judges of the county, whether by direct apportionment into their own salaries, budgets and/or otherwise.  In short, it repugnantly creates a direct mercenary system, _inducing_ rights violations by the same state actors on a truly massive scale against the unsuspecting and innocent citizenry.

49. As such, Texas family court judges have direct pecuniary interests as to the collection ("enforcement") of _their very own_ child support orders, the same going for every judge of their county likewise, hence court rules _preclude_ any judge in their own county from - at least - presiding over any such child support matters, if not also completely from the entire given case.

50. The laws, rights and standards of the State of Texas are directly on par with sister States in concurring legal maxims involving conflicts of any fiduciary and/or other interests by judicial officers in respect to precluding cases they are NOT constitutionally or otherwise "lawfully" allowed to be engaged in.  To disqualify a judge, typically the said interest should be direct and pecuniary.  "[T]he interest which disqualifies a judge is that interest, however small, which rests upon a direct pecuniary or personal interest _**in the result of the case**_ presented to the judge or

court." *Cameron v. Greenhill*, 582 SW2d 775, 776 (Tex. 1979). (emphasis added)  In *Nalle v. City of Austin*, 22 SW 668 (Tex. 1893), the Texas Supreme Court determined that the district judge who presided over the suit was indeed disqualified because he lived in and paid taxes to the City of Austin.  The suit was brought by a property owner to enjoin collection of taxes and to cancel $900,000 in bonds already issued.  The injunction effectively prevented the tax levy.  The Supreme Court said every property holder not only has an interest but a direct pecuniary interest in the result.  By living and paying taxes in Austin, the judge was disqualified.  A judge who is a stockholder in a corporation is disqualified from hearing a case in which that corporation is a party – *Pahl v. Whitt*, 304 SW2d 250 (Tex. App. – El Paso 1957, no writ history).   The employment of the judge's wife by the defendant corporation was a direct pecuniary interest amounting to disqualification – *Gulf Maritime Warehouse v. Towers*, 858 SW2d 556 (Tex. App. – Beaumont 1993, denied).  A trial judge's entry in the lawsuit by filing an answer and seeking attorney fees against the party filing a recusal motion created a direct pecuniary interest sufficient to disqualify – *Blanchard v. Krueger*, 916 SW2d 15 (Tex. App. – Houston [1st Dist.] 1995, no writ history).  A trial judge whose pay was tied to the conviction rate in a drug impact court had a pecuniary interest and was disqualified – *Sanchez v. State*, 926 SW2d 391 (Tex. App. – El Paso 1996, Ref.).  The point is – judges may **never** engage in matters involving conflicts.

51. Because Texas family court judges, like the pending matters at hand, may also involve enforcement action over an alleged child support arrearage matter within the same county case aligned and interplexed with their own Title IV-D financial interests, the judges of the given County are *clearly precluded by law* from presiding in *their local own* such child support cases.

52. Denton County, also the prior judges of the instant state courts, with the opposing counsels and their client (the Respondent herein), and certain other state and/or local

governmental actors necessarily involved in such civil and/or criminal conspiracy, have already been defrauding large sums of money from me (Property rights – an established federal question), and *that* based upon *also* defrauding me of my well associated rights of "parenting time" and other "care, custody, control and management" rights to and with my own flesh and blood minor children (involving the various Liberty rights akin to those same direct blood relationships), along with certain other forms and methods of harassment and abuse of power over myself and my parent-child relationships, all without *ever* having **any** constitutionally-valid jurisdictional basis, nor any actual constitutionally-valid merit, in any of that, in the first place.

RECAP

53. Therefore, your Petitioner has been unlawfully and directly subjected to a minimum of three (3) independent causes of action for direct removal under special civil rights Section 1443, i.e., false deprivation of parent-child relationships without (any) due process (whatsoever), the additional constitutional infirmity of failing to use the *clear and convincing* evidentiary standard in all matters allegedly pertaining to any action prospecting to impact the custody of any one or more minor children, and the equally-as-clear constitutional violations regarding the manifestly express Title IV-D conflicts of interest of state judicial officers precluding their involvements.

54. *Each* of the same three (3) constitutional questions is also an *independent* removal basis.

55. Furthermore, your Petitioner complains for the instant federal civil rights torts and direct federal court jurisdiction over those independent claims, and demands replevin or other refund of all Property (monies) taken without due process thereunder, further claiming civil damages for potential threats of jailing this Petitioner without jurisdiction (1st, 4th and 14th Amendments).

56. Accordingly, this Petitioner is most certainly entitled by law to full and complete restoral and remedy for **all monies**, including no less than all guise of "child support", all the costs and

expenses – including all attorneys' fees – incurred as a result of all the false and malicious acts of categorically frivolous prosecutions and related abuses of power fraudulently inflicted upon both myself and my children by the Respondent and her criminal conspirators in said case, also both the direct and consequential financial damages to my person and estate caused and/or induced by the Respondent and her various said co-conspirators in both person and entity form, and most certainly not to ignore the absolutely equal entitlement of law to full and complete remedy for the lost physical/tangible elements of my falsely-deprived parent-child relationships, that is to say compelled additional parenting time beyond the basic 50/50 requirement, routinely exercised until such time as proper overall time balance of divided parenting time betwixt the parties is finally restored to an equitable status quo – and that such "makeup time" must begin promptly, that is to say that, I am constitutionally entitled to be made whole again, which is to say that not only am I entitled to continue with an at least equal 50/50 basic, shared primary custodian role through the remainder of each of my children's minority ages, but I am also entitled to an extra ongoing amount of "parenting time" beyond that in pro-rated measure to compensate for all of the past years of parenting time during which I have been falsely deprived of rights and interests.

<u>COUNTS I THROUGH X – Gender Discrimination, Violations of Equal Protection,</u>

<u>Violations of Pre-Deprivation Due Process, and other Constitutional Violations</u>

[AGAINST RESPONDENT, AND OTHER PARTIES TO BE NAMED / SERVED]

57.  Petitioner realleges all paragraphs above by reference the same as if fully set forth herein.

58.  From the very beginning, although my equivalent paternity and custodial rights regarding all aspects of and to my natural children were already legally established, both as above-described, and although those custodial rights are very well established as superior to the State's **any** interest (which must *also* pass strict scrutiny, least intrusive, and such other constitutional

hurdles), neither the Respondent, nor the Third-Party/Intervenor party State of Texas, have ever alleged any form or manner of serious parental unfitness *against me*, hence have never actually or validly initiated, let alone *proven* under due process procedures, any form or manner of unfitness deprivation action against me ("termination of parental rights"), hence have never removed any part of my absolutely same and equal share of all such pre-existing custody rights to my natural minor children with Respondent in full like and equal kind... *whatsoever*.

59. Hence, clearly your Petitioner was unconstitutionally reclassified by the State of Texas, vis-à-vis by the biased and prejudiced local county court systems and also by their variously aforementioned officers in full defiance of the Constitution, arbitrarily and capriciously, as an utterly fictitious and so-called "noncustodial" parent, in full dearth of required pre-deprivation due process *whatsoever* before just unilaterally *removing and/or terminating* my custody rights, and then further issuing and executing all secondary forms of likewise unconstitutional actions, including both in terms of financial (Property rights) issues, as well as the familial, associative, injunctive and other violations of Liberty rights issues, with a litany of other intertwined matters due to all the underlying wrongdoing by said adverse parties as acting in concert with other state actors by and through the substantive "conspiracy" elements in pending amendment via Section 1983 and other authorities. *See again,* my Notice of Pending Amendment of Petition, et seq.

60. So, the instant state court both: (a) never had any actual constitutionally-compliant jurisdiction over either of the parental parties' respective child custodial rights, in the first place; and (b) its various "orders" amount to nothing more than proof of fraud, proof of blatant gender discrimination, proof of total disdain for equal protection of the laws, proof of total disregard for equal privileges and immunities, and solid proof of also unilaterally *elevating* the Respondent's "equal" rights, but further unilaterally *demoting* the exact same "equal" rights of your Petitioner.

61. This arbitrary, lawlessly disparate treatment and blatant gender discrimination originally continued for years upon this Petitioner, under repetitively meritless, frivolous actions filed by Respondent and/or her attorney subsequently rubber-stamped by the instant state courts in like meritless fashion, also even willfully and intentionally performing additionally-unlawful acts.

62. The cause of action and civil damages for deprivation of parent-child relationship is well established in both the federal and state court systems. Within the federal system, the damages awarded are typically between $110k to $130k per child, per year. Within the state courts, these damages awarded are typically only between $40k to $60k per child, per year. Your Petitioner now elects to prosecute this cause of action as fully established within the federal court system, which is why it is included and delineated amongst these federal set of Counts in the list below.

63. Specific, individually listed Counts I through X follow, each to be amended within time allowed by Rule 15(a); *See* also <u>Notice of Pending Amendment of Petition into Full Complaint</u>.

64. Your Petitioner is entitled to and claims civil damages for false and tortious deprivation of parent-child relationships in varying degrees and times over the aforementioned past years.

65. Your Petitioner is entitled to and claims civil damages under 42 USC § 1981.

66. Your Petitioner is entitled to and claims civil damages under 42 USC § 1983.

67. Your Petitioner is entitled to and claims civil damages under 42 USC § 1985.

68. Your Petitioner is entitled to and claims civil damages under 42 USC § 1986.

69. Your Petitioner is entitled to and claims civil damages under 42 USC § 2000b–2.

70. Your Petitioner is entitled to and claims civil damages under U.S. Const., Amend. I for violations of the rights to free assembly, to familial association, and to petition for redress.

71. Your Petitioner is entitled to and claims civil damages under U.S. Const., Amend. IV for unreasonable seizures (both of liberty and property), including potential threats to falsely arrest.

72. Your Petitioner is entitled to and claims civil damages under U.S. Const., Amend V for deprivations of both liberty and property without due process of law.

73. Your Petitioner is entitled to and claims civil damages under U.S. Const., Amend. XIV for violations of equal protection, equal privileges and immunities, and gender discrimination.

74. Your Petitioner is also entitled to and claims special and/or punitive damages.

75. Your Petitioner is also entitled to and claims trial by jury of peers upon all issues.

**WHEREFORE,** your Petitioner prays this Court issue a declaratory judgment finding that the original state court proceedings now removed were void for lack of pre-deprivation due process, that this Petitioner was never lawfully reclassified as a "noncustodial" parent, and that the State failed to first properly allege and adjudicate serious parental unfitness as a legal prerequisite to any such reclassification of my own natural parent-child relationships, also for one or more appropriate civil damages awards by peer jury in favor of Petitioner, against the Respondent jointly and severally with additional liable parties yet to be formally served, and for all other relief that is true, just, lawful and proper within the premises.

COUNTS XI THROUGH XVII – STATE LAW CLAIMS UNDER 28 USC § 1367

[AGAINST RESPONDENT, AND OTHER PARTIES TO BE NAMED / SERVED]

76. Petitioner realleges all paragraphs above by reference the same as if fully set forth herein.

77. All of the state law, common law, and tort type claims are so interdependent and also so inextricably intertwined with all the above federal claims as to be exactly the same in reality, and inseparable from each other's context, hence supplemental jurisdiction is well entitled and had.

78. The cause of action and civil damages for deprivation of parent-child relationship is well established in both the federal and state court systems. Within the federal system, the damages awarded are typically between $110k to $130k per child, per year. Within the state courts, these

damages awarded are typically only between $40k to $60k per child, per year.  Your Petitioner now elects to prosecute this cause of action as fully established within the federal court system, which is why it is included and delineated amongst the federal set of Counts in the above section.

79.  By falsely reclassifying your Petitioner as a so-called "noncustodial" parent, in order to create a legally-fictitious civil debt of child support and falsely order extractions of large sums of money in the guise of said support, your Petitioner is entitled to have the Respondent promptly refund, with interest and penalties attached, the entirety of all said payment transfers, and your Petitioner further therein additionally alleges fraud and/or constructive fraud clearly perpetrated against fundamental, constitutional, statutory and other rights, for purposes of treble damages.

80.  Specific, individually listed Counts XI through XVII follow next, each to be amended within time allowed;  *See* also <u>Notice of Pending Amendment of Petition into Full Complaint</u>.

81.  Your Petitioner is entitled to and claims civil damages under replevin of all monies taken falsely and/or fraudulently, via ostensible orders for child support, and due to frivolous litigation.

82.  Your Petitioner is entitled to and claims civil damages for fraud and wanton conduct.

83.  Your Petitioner is entitled to and claims civil damages for infliction of emotional distress.

84.  Your Petitioner is entitled to and claims civil damages for malicious prosecution.

85.  Your Petitioner is entitled to and claims civil damages for gross negligence.

86.  Your Petitioner is entitled to and claims civil damages for abuse of process.

87.  Your Petitioner is entitled to and claims civil damages for potential threats of false arrest and wrongful imprisonment, separately as state law claims, in addition to the same civil rights claims under the Federal Constitution and other federal authorities as stated in the above section.

88.  Your Petitioner is also entitled to and claims special and/or punitive damages.

89.  Your Petitioner is also entitled to and claims trial by jury of peers upon all issues.

**WHEREFORE**, your Petitioner prays this Court to exercise its supplemental jurisdiction in issuing certain supporting declaratory judgments towards such trial by peer jury on these issues, also for one or more appropriate civil damages awards by said jury in favor of Petitioner, against the Respondent jointly and severally with additional liable parties yet to be formally named and served, and prays for all other relief that is true, just, lawful and proper within the premises.

## SUMMARY AND PRAYER

90. Petitioner reiterates that his request for removal to this Court is not just about a supported and reasonable *expectation* of the future manifest deprivations of his various civil rights within said state court, but also that recklessly unlawful patterns of the same are **now well established**.

91. Without the immediate intervention, and the exercise of full jurisdiction and authority by this Honorable Court in retaining said lower state proceedings, at the very least with which to issue such appropriate declaratory and injunctive relief as to due process and equal civil rights, that this Petitioner may be otherwise subjected to manifestly *egregious* denials and inabilities to enforce in said state courts 'one or more rights under the laws providing for the equal rights of citizens of the United States', and will also be likewise unlawfully forced to suffer manifestly *irreparable* harm and due process injuries therein, without any further *reasonable* remedy at law.

92. This Petition and the above basic emergency set of Counts will be soon amended into full version and served. *See again*, Notice of Pending Amendment of Petition into Full Complaint.


**WHEREFORE**, your undersigned Petitioner, Jason Parris, now does pray for retaining the removal of the instant state court proceedings into, and under, the jurisdiction of this United States District Court, at a minimum for appropriate declaratory and injunctive relief, and/or to further decide any supplementary matters regarding the state law claims as are inextricably

intertwined, for trial by jury right on all issues so triable, for appropriate awards of civil damages in Petitioner's favor, to ORDER the Respondent to pay all costs, fees, and reasonable attorney expenses herein, and prays for all other relief that is true, just and proper within these premises.

Respectfully submitted,

Jason Parris
7320 Sandy Lake Road
Quinlan, TX 75474
Tel: (940) 390-6505
Email: jpjpr23@gmail.com
*Pro Se Petitioner Party of Record*

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.

Duly executed at Quinlan, Texas, upon this _____ 19 _____ day of July, 2017.

Jason Parris