# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| HILDA PARRIS § | |
| § | Civil Action No. 4:17-CV-504 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| JASON PARRIS § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On September 19, 2017, the report of the Magistrate Judge (Dkt. #12) was entered containing proposed findings of fact and recommendations that Plaintiff Hilda Parris's Motion to Remand (Dkt. #11) be granted and this cause be remanded to the 211th Judicial District Court, Denton County, Texas. Having received the report and recommendation of the Magistrate Judge, having considered Defendant's objections (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

## RELEVANT BACKGROUND

On July 29, 2014, Plaintiff Hilda Parris filed a divorce with children action in the 211th Judicial District Court, Denton County, Texas ("State Court") (Dkt. #1, Exhibit A). On October 29, 2015, the State Court entered a Final Decree of Divorce and an Order Withholding from Earnings for Child Support (Dkt. #1, Exhibit A). On January 11, 2016, Defendant Jason Parris filed a Motion to Enter a Qualified Domestic Relations Order ("QDRO") (Dkt. #1, Exhibit A). On March 3, 2016, the State Court canceled the hearing on the Motion to Enter QDRO and ordered the file sent to Records Management for storage (Dkt. #1, Exhibit A).

Thereafter, on or about June 20, 2017, Defendant received a notice letter from the Office of the Attorney General regarding his alleged nonpayment of child support (Dkt. #1, Exhibit B), as well as a Notice of Levy (Dkt. #1, Exhibit C). On July 19, 2017, Defendant purported to remove the divorce action and issue of support payments to the United States District Court for the Eastern District of Texas, Sherman Division, asserting federal jurisdiction under "28 U.S.C. §§ 1443 and 1446(b), and 28 U.S.C. §§ 1331, 1343, and 1367" (Dkt. #1 at p. 1). Although Defendant labeled himself as "Petitioner" in the caption of his Notice of Removal, the Court found that Defendant sought removal of the State Court proceeding pursuant to 28 U.S.C. § 1443 (Dkts. #1 at p. 4; #12 at p. 2) ("this is a removal under 28 U.S.C. § 1443").

On September 19, 2017, the Magistrate Judge entered a report and recommendation (Dkt. #12) recommending that Plaintiff's Motion to Remand be granted and this case be remanded to the 211th Judicial District Court, Denton County, Texas. Defendant filed his "Objections to Unauthorized Magistrate Report and Recommendations with Conditional Request for Findings of Fact and Conclusions of Law" (Dkt. #19) on October 10, 2017.

## DEFENDANT'S OBJECTIONS

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). In his forty-eight page Objections, Defendant lodges multiple complaints, many of which are repetitive.

As an initial matter, Defendant argues the report and recommendation "is NOT amongst the available types of dispositive actions that federal magistrate judges may ever address without the consent of the parties." (Dkt. #19 at p. 2) (emphasis in original). But the Federal Magistrates Act, 28 U.S.C. § 636, permits "a [full Article III] judge [to] designate a magistrate judge to hear and determine any pretrial matter pending before the court, except [certain dispositive motions]"

and further permits a judge [to] designate a magistrate judge to . . . submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any [of those excepted] motion[s] . . . ." 28 U.S.C. § 636(b)(1)(A)-(B). The Court's Local Rules also provide district judges wide latitude in referring matters and motions for a magistrate judge's review. E.D. Tex. Local Civil Rule 72(d). A magistrate judge may, therefore, recommend disposition of a motion to remand to the district judge, who will then conduct a de novo review of those portions of the recommendation to which parties raise specific, timely objection. 28 U.S.C. § 636(b)(1)(C). The Fifth Circuit has repeatedly recognized the statutory authority to designate a magistrate judge to consider a motion to remand. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Here, the Magistrate Judge recommended Plaintiff's Motion to Remand be granted. The Magistrate Judge acted within the bounds of statutory authority in issuing such report and recommendation, and the Court now properly reviews those portions of the Magistrate Judge's report and recommendation to which Defendant raises specific objections.[1]

    Defendant also makes the following arguments in his objections:

    • "The State of Texas must surpass pre-deprivation 'serious parental unfitness' due process hurdles, and that by clear and convincing evidence, before it may then, and only then, remove the custodial rights of any parent to his or her own natural child" (Dkt. #19 at p. 7). As a summary of this argument, Defendant asserts "the State of Texas family court system is wildly unconstitutional, perpetrating routine, daily frauds upon basic constitutional and due process rights of at least one-half of all the natural parents involved within domestic relations cases over child custody betwixt two competing parents, and it is incumbent on this Court to strike down the same facially repugnant mess." (Dkt. #19 at pp. 11—12).

    • "State family court judges are barred from any involvement in Title IV-D child support matters of their own given respective counties due to the pecuniary conflicts of interests to such county officers within the Title IV-D system" (Dkt. #19 at p. 12). Defendant requests

---

[1] Defendant argues the report and recommendation "was technically meritless" because Plaintiff's attorney has yet to file a written appearance (Dkt. #19 at p. 1). But, pursuant to Local Rule CV-11, the attorney signing a party's first filing as lead attorney is considered to have made an appearance. Thus, Defendant's objection on this ground is likewise overruled.

the Court "strike down the same facially repugnant mess by declaring an appropriate injunction against the State of Texas, its family court system leaders, and/or the corresponding judicial officers, forbidding such further conflicts of interest and/or other entanglements, and making the same permanent." (Dkt. #19 at pp. 14—15).

• "Causes of action over federal torts are well established as perfectly proper federal subject matter jurisdiction even if regarding state domestic relations cases" (Dkt. #19 at p. 15). According to Defendant, he is within his rights to bring a federal court tort action for civil damages "over the original several years of interference with the parenting time I was *supposed* to have *equally* with my offspring, because such federal tort actions have been very well established for decades" (Dkt. #19 at p. 18) (emphasis in original). Defendant argues "[a]ny frivolous attempt by any officer or party herein to willfully, intentionally and knowingly defraud this District Court into avoiding jurisdiction over federal tort claims brought by this Petitioner (let alone over the removal action and direct facial challenge to state statutes itself), simply because the issues are intertwined with a state domestic relations case, are abhorrently not in compliance with well-established federal jurisprudence . . . ." (Dkt. #19 at p. 18).

• "Removal under 28 U.S.C. § 1443 is timely filed within thirty days of the aggrieved litigant first ascertaining the existence of his or her right to remove" (Dkt. #19 at p. 19).

• "Civil rights removal via Section 1443 is quite different from all other removal types in substantive and procedural respects" (Dkt. #19 at p. 20). According to Defendant, "[w]hile all 'fresh' removals filed under § 1441 and that kin should retain the same 'fresh' *case styling pattern* as in that brand new state court case, § 1443 removals are not triggered unless and until a given state court – maybe months or years later, or never—violates a litigant's federal rights, triggering the adversarial nature of the *case styling reverse*, because of then later invoking this statutory enforcement action of right, via petitioning under § 1443 for due relief . . . as *petitioner* and . . . all adverse parties therein are called the *respondents* . . . ." (Dkt. #19 at p. 21) (emphasis in original).

• "Racial litmus tests may not be used by federal courts to arbitrarily deny otherwise equal access rights to federal court jurisdiction over equal rights issues" (Dkt. #19 at p. 23). According to Defendant, "'[c]ivil rights are **not** limited under federal law to simply and solely 'racial' issues." (Dkt. #19 at p. 23) (emphasis in original).

• "Federal courts may not entertain abstention doctrines to deny clear and unambiguous statutory language that expressly authorizes state case intervention" (Dkt. #19 at p. 40).

The Court now considers Defendant's substantive objections to the report and recommendation and conducts a de novo review of the Magistrate Judge's findings and conclusions. As noted above, Defendant removed this case pursuant to the civil rights removal statute, 28 U.S.C. § 1443, which authorizes the removal of a civil rights action pending in state

4

court, even if the action would not otherwise be removable under the federal court's original jurisdiction. Section 1443 allows removal of any pending civil actions:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The second subsection of § 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). As noted by the Magistrate Judge, Defendant has not alleged he is a federal officer or agent; therefore, any right to removal he may have must fall under the first subsection of § 1443.

Under 28 U.S.C. § 1443(1), a defendant must satisfy a two-pronged test to remove an action. *Georgia v. Rachel*, 384 U.S. 780 (1966). First, a defendant must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792. Second, a defendant must prove he has been "denied or cannot enforce" the specific civil rights in state court. *Id.* at 794.

Defendant asserts the "'racial inequality' litmus test often used by federal courts to arbitrarily deny equal rights and equal access to federal relief to white people via removal under 28 USC § 1443 is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional." (Dkt. #19 at p. 7) (emphasis in original). Recently, the Fifth Circuit considered a litigant's appeal of the district court's order remanding his criminal case to state court pursuant to § 1443(1). *Kruebbe v. Beevers*, No. 16-30469, 692 F. App'x 173, 174 (5th Cir. 2017). In

deciding to remand Kruebbe's criminal case, the district court found that the Supreme Court in *Rachel* held "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Id*. at 175 (quoting *Rachel*, 384 U.S. at 792). Kruebbe argued the district court erred in remanding his case because the Supreme Court's decision in *Rachel* was reversed by *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600 (1979). *Id.* Considering this argument, the Fifth Circuit held that *Chapman* involved the interpretation of a different statute, 28 U.S.C. § 1343, and therefore, did not overturn *Rachel*. *Id.* at 175—76. "On the contrary, *Chapman* reiterated *Rachel*'s holding, explaining that § 1443 'was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment' and was therefore 'limited to racially based claims of inequality.'" *Id.* at 175 (quoting *Chapman*, 441 U.S. at 622) ("When the removal statute speaks of any law providing for equal rights, it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.") (internal quotations omitted). Ultimately, the Fifth Circuit held that "[i]n requesting his case be removed to federal court, 'Kruebbe did not allege that he was denied or unable to enforce rights under any law providing for equal civil rights stated in terms of racial equality. Therefore, § 1443(1) did not apply to his criminal prosecution.'" *Id.* at 175—76. Given the Fifth Circuit's recent precedent, the Magistrate Judge properly relied upon the *Rachel* two-prong test and the Supreme Court's holding that § 1443 is limited to racially based claims of inequality.

The *Rachel* test requires the following for removal under § 1443. First, it must appear the right allegedly denied the removing defendant arises under a federal law "providing for specific

civil rights stated in terms of racial equality." *Id.* at 175 (quoting *Rachel*, 384 U.S. 792); *see also Alabama v. Conley,* 245 F.3d 1292, 1295 (11th Cir. 2001). As to this first prong, "broad assertions under the Equal Protection Clause . . . are insufficient to support a valid claim for removal under § 1443(1)" because racial equality rights do not include rights of general application. *See Conley,* 245 F.2d at 1295–96. Second, it must appear, in accordance with the provisions of § 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Id.* at 1298. This provision normally requires the denial be "manifest in a formal expression of state law," such as a state legislative or constitutional provision, rather than a denial first made manifest in the trial of the case. *Id.* (citation and internal quotation omitted). Except in the unusual case where "an equivalent basis [can] be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. *Id.* (quoting *Rachel*, 384 U.S. at 804). "Failure to satisfy either prong of the two-pronged test is fatal to removal." *Evans v. State of Florida Dep't of Revenue Child Support Enf't*, No. 3:09CV467/MCR/EMT, 2010 WL 419399, at *3–4 (N.D. Fla. Jan. 28, 2010), *aff'd sub nom. Evans v. Echeverri*, 433 F. App'x 878 (11th Cir. 2011) (citing *Williams v. State of Mississippi*, 608 F.2d 1021, 1022 (5th Cir. 1979)).

The Court agrees with the Magistrate Judge that Defendant's broad constitutional claims do not satisfy the first prong of the *Rachel* test. *See Alabama v. Huffaker*, No. 08–680, 2009 WL 197806, at *2 (S.D. Ala. Jan. 26, 2009) (*pro se* defendant alleging denial of equal protection and due process in a child support proceeding "failed to allege adequate grounds for removal pursuant to § 1443(1), because he cannot satisfy the first prong of the test"). In *Huffaker*, the removing party argued he was denied equal protection and due process of law in the state court civil action

7

and that his fundamental rights as a parent were impaired by a petition to modify the divorce decree filed by his former wife in the state court action. *Id*. at *1—2. In remanding the case, the *Huffaker* court explained that the "federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* at *5 (quoting *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir. 1988)). According to the *Huffaker* court, retaining jurisdiction on removal would require the court to address the prior orders of the state court and address "divorce and alimony, child custody, . . . child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.*

In *Evans v. State of Florida Department of Revenue Child Support Enforcement*, the removing defendant argued, as grounds for removal under § 1443, that the state statutes the Florida Department of Revenue ("DOR") proceeded upon in state court were unconstitutional. 2010 WL 419399, at *1. The court held Evans failed to satisfy the first prong of the removal test, stating as follows:

> Although the right to due process arises under the Fourteenth Amendment, that constitutional right is not a specific civil right couched in terms of racial equality, rather, it is a broad constitutional guarantee of general application. Likewise, Evans' equal protection claim, that the DOR is treating him differently than similarly situated non-custodial parents, is not based upon racial inequality, but upon the broad constitutional guarantee of equal protection. Therefore, Evans' broad assertions that his due process and equal protection rights were violated do not provide a basis for removal under Section 1443.

*Id.* at *4.

In the instant case, Defendant's claims are not based upon racial inequality. Defendant asserts alleged violations of his due process rights (lack of pre-deprivation due process actually) and equal protection rights into this removed case. However, as found by the Magistrate Judge,

8

Defendant has not demonstrated his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality." Thus, Defendant fails to satisfy the first prong of the removal test.

Defendant also fails the second prong of the test, namely that he has been "denied or cannot enforce" the specific civil rights in state court. *Rachel,* 384 U.S. at 794. Defendant has not shown any Texas law or policy "prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims," in the State Court proceeding. *Louisiana v. Wells*, 2015 WL 1276713, at *5 (M.D. La. Mar. 19, 2015), *aff'd*, 628 Fed. Appx. 260 (5th Cir. 2015). Nor has Defendant shown "how his civil rights, as they pertain to racial equality, would be denied in state court in the instant action that is in question." *Id.* (citing *Paris v. GMAC Mortgage Corp.,* No. 06–01489, 2006 WL 3201312, at *2 (D. Colo. Nov. 1, 2006) (denying removal of eviction proceeding under 28 U.S.C. § 1443)). Defendant has not demonstrated the State Court proceeding, which is subject to appellate review by other Texas courts, "will inevitably result in a violation of [Defendant's] rights under the Constitution." *Id.*

**CONCLUSION**

Having considered each of Defendant's objections (Dkt. #19), and having conducted a de novo review, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report (Dkt. #12) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Remand (Dkt. #11) is **GRANTED**. The Court **REMANDS** this action to the 211th Judicial District Court, Denton County, Texas.

**IT IS SO ORDERED**.
SIGNED this 9th day of November, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE